## SHALKHAUSER v. HUPP MOTOR CAR CORPORATION.

### No. 6903.

District Court, E. D. Michigan, S. D.
April 29, 1935.

Foorman L. Mueller, of Chicago, Ill., and Franklin D. Hepburn, of Detroit, Mich., for plaintiff.

Arthur C. Beaumont and Whittemore, Hulbert, Whittemore & Belknap, all of Detroit, Mich., for defendant.

TUTTLE, District Judge.

This is an action based on the alleged infringement of design letters patent No. 75,877, to Eric G. Shalkhauser, dated July 24, 1928, for a combined radiator, lamp casing, and hood for motor vehicles.

The case comes before me on plaintiff's motion for preliminary injunction and defendant's motion to dismiss the bill of complaint for the alleged reason that the design letters patent in suit are not prima facie infringed by defendant.

As shown in Figure 1 of the design letters patent in suit, the head lamps are not only carried by the radiator shell or frame, but also extend into the area defined by the shell, while in the automobiles manufactured and sold by defendant, which have been admitted to be the structures of defendant complained of by plaintiff, and which are marked Plaintiff's Exhibits D and E and Defendant's Exhibits 2, 3, 4, 5, and 6, the head lamps are not carried by the radiator shell or frame, nor does any portion of the head lamps extend into the area defined by the shell. The appearance of defendant's constructions, when looking directly at the front of the automobiles, is decidedly different from the appearance of plaintiff's design as exemplified in Figure 1 of the design letters patent in suit.

Considering now the side view of plaintiff's design as shown in Figure 3 of the design letters patent in suit, the lateral bulge in the side wall of the hood extending from the head lamp is not only semicircular to extend around the underside of the head lamp, but, also, actually tapers inwardly toward the longitudinal center line of the vehicle to a point in the plane of the side wall of the hood spaced from the rear end of the latter. In defendant's constructions, the bulge extends only to the extreme outer side of the head lamp and, as I view it, does not impress the observer as constituting a tubular inwardly tapered extension of the head lamp. The bulge in the defendant's constructions extends for substantially the full length of the body portion of the vehicle, and gradually merges into the plane of the side wall of the body adjacent the rear end of the automobile.

Comparing the top plan view shown in Figure 2 of the design letters patent in suit with a corresponding view of defendant's constructions, while I find some similarity, yet there is a distinct difference in appearance. In Figure 2, the bulges in the side walls of the design there shown appear as cylinders disappearing in the side walls of the hood and have a very decided inward taper as distinguished from the appearance presented by the defendant's vehicles wherein the bulges give the appearance of tapering outwardly instead of inwardly.

Any similarity in appearance shown in Figure 2 of the design letters patent in suit and in the corresponding views of defendant's constructions is of little or no consequence, since the potential purchaser of automobiles does not consider the design or appearance of automobiles by looking at them from a point spaced considerably above the vehicle.

Having carefully considered and compared the design shown in the letters patent in suit with defendant's automobiles herein complained of, it is my opinion that there is no prima facie infringement of the letters patent in suit. For this reason, the other defenses raised by the defendant in its opposition to plaintiff's motion for preliminary injunction, while apparently adequate, need not be considered here.

Plaintiff's motion for preliminary injunction is denied and defendant's motion to dismiss is granted. Defendant may take its decree holding the claim of the Shalkhauser design letters patent in suit not infringed

by the defendant's structures of which complaint is herein made.

Upon authority of Briggs v. United States (C. C. A. 6) 45 F.(2d) 479, 480; Lewys v. O'Neill (D. C.) 49 F.(2d) 603, 618; Hazeltine Corporation v. Radio Corporation (D. C.) 52 F.(2d) 504, my opinion may stand as the findings of fact and conclusions of law under Equity Rule 70½ of the Supreme Court (28 USCA following section 723).